## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anthony Buccini | : |
| | : |
|         Plaintiff, | : |
| v. | : |
| | : |
| Laser and Vision Surgery Center, LLC, | : |
| and Dr. Richard Fichman | : |
| | : |
|         Defendants. | :       November 16, 2012 |

### <u>COMPLAINT</u>

1.      This is an action brought by the plaintiff, Anthony Buccini, against his former employers the defendants, Laser and Vision Surgery Center, LLC, and Dr. Richard Fichman, arising from the defendants' failure to pay the plaintiff overtime wages for his work.  The plaintiff alleges that the defendants violated the overtime wage payment provision of the federal Fair Labor Standards Act, 29  U.S.C. §207, and the overtime wage wage payment provisions of Connecticut law, Conn.Gen.Stat. §31-58 *et seq*.  The plaintiff seeks his unpaid overtime wages, liquidated or double damages pursuant to the FLSA, double damages pursuant to Connecticut law, and his reasonable attorney's fees and costs.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

4.      The plaintiff is Antony Buccini, who resides at 59 Jordan Street, New Britain, Connecticut.  At all times relevant to this Complaint the plaintiff was an employee of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5.      At all times relevant to this Complaint, the plaintiff was an employee engaged in commerce or the production of goods for commerce, and/or was an employee in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §207(a)(1).

6.      Defendant Laser and Vision Surgery Center, LLC, is a Connecticut limited liability company, listing its business address with the Connecticut Secretary of State as 178 Hartford Road, Manchester, Connecticut. At all times relevant to the Complaint, the defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

7.      Defendant Dr. Richard Fichman is the sole principal and agent for service of process of Laser and Vision Surgery Center, LLC, and lists his residence with the Connecticut Secretary of State as 40 Prattling Pond Road, Farmington, Connecticut.

8.      At all times relevant to this Complaint, defendant Fichman made all relevant decisions regarding the setting of hours and the payment of wages to the plaintiff.

9.      At all times relevant to this Complaint, the defendants were employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

10.     The plaintiff was employed by the defendants as a surgical technician from on or about February 16, 2009, through on or about August 13, 2012.

11.     During his employment by the defendants, the plaintiff typically worked sixty (60) or more hours a week. This included hours that the plaintiff worked for which he "punched in" with the defendants' time-keeping system, off-the-clock hours that he worked in the office on weekends, and off-the-clock hours that he worked at home.

12.     The defendants paid the plaintiff a weekly salary.

13.     The defendants did not make efforts to ascertain the lawful manner in which to calculate the plaintiff's wages.

**COUNT ONE: FLSA OVERTIME WAGE VIOLATIONS**

1.     Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 13, above.

14.     The defendants did not pay the plaintiff at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty hours in a week, in violation of the federal Fair Labor Standards Act, 29 U.S.C. §207.

15.     The defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the federal minimum wage and did not do so.

**COUNT TWO: CONNECTICUT OVERTIME WAGE VIOLATIONS**

1.     Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 15, above.

16.     The defendants did not pay the plaintiff at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty hours in a week, in violation of Connecticut overtime laws, including Conn.Gen.Stat. §31-68 and §31-76b through 31-76c.

3

17.     The defendants' failure to pay overtime wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the Connecticut minimum wage and refused to do so.

**COUNT THREE: CONN.GEN.STAT. §31-72 CLAIM FOR UNPAID WAGES**

1.     The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 17, above.

18.     The defendants failed to pay the plaintiff all of the wages that he was owed as required by Conn.Gen.Stat. §31-71b through 31-71e.

19.     The defendants' failure to pay the plaintiff his wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the Connecticut wage payment laws and refused to do so.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff requests that this Court:

1.    Order the defendant to pay to the plaintiff all wages owed to him pursuant to 29 U.S.C. §207, and Conn.Gen.Stat. §31-68 and §31-72;

2.    Award the plaintiff an amount equal to all overtime wages owed as liquidated damages pursuant to 29 U.S.C. §216(b)

3.    Award the plaintiff an amount equal to all wages owed as double damages pursuant to Conn.Gen.Stat. §31-68 and §31-72;

4.    Award the plaintiff his reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b), and/or Conn.Gen.Stat. §31-68 and §31-72;

5.    Award the plaintiff prejudgment and post-judgment interest.

6.    Award the plaintiff such other legal and equitable relief that the Court deems appropriate.

RESPECTFULLY SUBMITTED
THE PLAINTIFF, by

_____/ s /_____
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-232-7818
pdgoselin@gmail.com